LOUIS F. BOMPART *et als.*, Respondents, *v.* C. STUMPFF and JOHN VERTY, Appellants.

1. *Lands and Land Titles—Confirmation—Evidence.*—A certificate of confirmation issued by the Recorder of land titles under the act of Congress of May 26, 1824, on proof made of cultivation, inhabitation and possession prior to December 20, 1803, is *prima facie* evidence of title under the United States.

2. *Lands and Land Titles—Limitations—Practice.*—It is for the jury to determine whether and at what time a continuous, open, notorious and actual adverse possession of land sued for commenced or was actually taken by the defendants.

*Appeal from St. Louis Circuit Court.*

The court refused all the instructions asked by defendants, and gave the following:

Bompart et als. v. Stumpff et al.

" If the jury believe from the evidence that the certificate of confirmation dated the 22d day of April, 1825, made by Theodore Hunt to François Duchouquette, and the will made by François Duchouquette in 1833 and the deed from Henry Bompart to William Prairy in 1848, are genuine, and that said confirmation, will and deed embrace the land in question, and that the plaintiffs are descendants of said Henry Bompart, then the plaintiffs have shown a *prima facie* title to said land, and must recover in this action, unless the jury are satisfied from the evidence in this cause that the defendants, or those under whom they claim, have had open, notorious, continuous and visible possession of said land, claiming the same as their own, against all persons whatsoever, for a period of ten years before the 14th day of November, 1859, in which case the defendants must have a verdict at your hands. But if the jury should find that such adverse possession was taken, and further find that at the time it was so taken either of the plaintiffs were under the age of twenty-one years, or a married woman, then the time during which they or either of them were under the age of twenty-one years, or a married woman, will not be deemed or taken as any portion of the said ten years. If the jury find for the plaintiffs, they will find the value of the rents and profits of the land down to the present time, and will further find the monthly value of the rents and profits."

*Hill* and *Farish*, for appellants.

*Knox & Kellogg*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

The plaintiffs showed title to the lot in controversy under a certificate of confirmation issued by the Recorder of land titles, dated April 22, 1825, to Francis Duchouquette, under the acts of Congress of the 13th of June, 1812, and the 26th of May, 1824, on proof made of inhabitation, cultivation or possession prior to the 20th day of December, 1803. There

is no question but this was a *prima facie* title from the United States.

The defendants showed no title, but relied upon an adverse possession under the statute of limitations.

The instruction which was given for the plaintiffs submitted the question of adverse possession fairly and wholly to the determination of the jury. It is objected that it admitted of cumulative disabilities. There is nothing contained in it that can bear this construction. It told the jury that if at the time when the adverse possession was taken, either of the plaintiffs was under the age of twenty-one years, or a married woman, then the time during which they or either of them were under that age, or a married woman, should not be deemed or taken as any portion of said ten years. It does not suppose that one disability is to be added to the other, nor admit of cumulative disabilities.

It was a matter for the jury to determine at what time a continuous, open, notorious, and actual adverse possession commenced, or was actually taken and held by the defendants. Upon the evidence before the jury, they might very well find that no such continuous adverse possession had been taken and held prior to 1849, and within the ten years next before the suit was commenced. The evidence made this an open question of fact, and the evidence offered by the defendants was of a character admitting of grave doubt, and by no means decisive or altogether satisfactory. We cannot say that either the plaintiffs' instruction, or the verdict, was not warranted by the evidence; and we find no ground on which we would be authorized to disturb the verdict.

The instructions refused for the defendants were for the most part upon matters immaterial to the issue, or they were substantially embraced in that which was given by the court. We have not found any error in their refusal of which the defendants have a right to complain.

The verdict would seem to have been clearly for the right party. Where a party rests entirely upon an adverse pos-

sesion under the statute of limitations, having no shadow of title, he cannot complain if clear, unequivocal and decisive proof be required by the jury. We are inclined to think they have rendered a just verdict.

Judgment affirmed. The other judges concur.